UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARTIN MASIEL III, CDCR #F25060,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD J. DONOVAN Correctional Facility; C. ROJAS, Reviewing Authority,<br><br>　　　　　　　　　　Defendants. | Case No. 22-cv-2000-BAS-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND § 1915(e)(2)(B); AND**<br><br>**(2) GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |

　　　Robert Martin Masiel, II ("Plaintiff" or "Masiel"), currently incarcerated at Richard J. Donavan Correctional Facility ("RJD") and proceeding *pro se*, has filed a prisoners' rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment rights by failing to protect him from inmates who are members of a Security Threat Group ("STG") from which Masiel recently disassociated. (*See generally* Compl., ECF No. 1.) Although he has paid the requisite civil filing fee, this Court nevertheless must undertake a pre-answer screening of the Complaint pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B) because Maisel is currently incarcerated.

For the foregoing reasons, the Court finds Masiel fails to state a clam upon which it can grant relief and, therefore, the Complaint warrants dismissal without prejudice.

## I. BACKGROUND[1]

At the time Masiel filed the instant action, he was being confined at RJD, a Level III institution. (Compl. ¶ IV.B.) He is a former member of a California Department of Corrections and Rehabilitation ("CDCR") validated STG called the "2-5 Gang." (*Id.*) Masiel exited the STG last year when the Board of Parole Hearings ("BPH") told him he must do so to be paroled. (*Id.*) He claims that since leaving the STG, its members have assaulted him and made threats upon his life. Specifically, he alleges that members of the 2-5 Gang "jumped" him while he was "on the mainline"; "put[] him on their hit list"; and threatened him with murder should he be transferred to another CDCR facility. (*Id.* ¶ IV.B; *see also* Grievance at 1, Ex. A to Compl. at 2–3, ECF No. 1-2; Appeal of Grievance at 1, Ex. A to Compl. at 7–8.)[2] Accordingly, Masiel currently fears for his life. (Compl. ¶ IV.B.)

On July 17, 2022, Masiel filed a grievance detailing these threats and including the names of specific STG members he believes are a threat to him at Level IV prisons within the CDCR system. (Grievance at 1.) The grievance states that Masiel reported his safety concerns to Correctional Counselor Lopez—who is not a named Defendant in the instant action—but Lopez's purported inaction and disregard to the STG's threats prompted Masiel to file a grievance. (*Id.*) Masiel requests in his grievance that CDCR identify his enemies and their locations within the CDCR system; implement separation alerts; and downgrade his classification score—which renders him eligible for a Level IV institution—so that he can either remain at RJD or, if reassigned, another Level III institution where he alleges he will be safe. (*Id.* at 2.) His grievance was denied, but the information therein

---

[1] All facts set forth herein are taken from the Complaint. (ECF No. 1.) For this pre-answer screening, the presumption of truthfulness attaches to the factual allegations in the Complaint, and the Court draws all reasonable inferences therefrom in Masiel's favor. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[2] All materials annexed to the Complaint are located at ECF No. 1-2.

was "redirected to the appropriate staff"—CDCR's Housing Authority—"to address." (Appeal Declination. Ex. A to Compl. at 4–5).

Masiel appealed the denial of his grievance, explaining that no staff member had contacted him regarding his safety concerns. (Grievance Appeal at 2.) In his appeal, Masiel stated he had been informed by Lopez that plans were in place to reassign him to a Level IV CDCR institution against his wishes. (*Id.*) Masiel explained he would be killed if he is sent to any Level IV prison or any prison where there are active STG members because he is now "known as a rat since [he] dropped out and talked to [Internal Gang Investigations ("IGI")]." (*Id.*) Defendant C. Rojas ("Rojas") reviewed Masiel's appeal. (Appeal Declination at 2–3.) Rojas concluded Masiel's grievance had "no applicable remedy" beyond redirection to the appropriate staff to address both his request that he remain at a Level III and his concerns an STG posed a threat to his safety. (*Id.*) Accordingly, Rojas denied Masiel's appeal. (*Id.*)

Masiel commenced the instant lawsuit on December 16, 2022. (*See generally* Compl.) The Complaint asserts claims under Section 1983 against Defendants RJD and Rojas, essentially alleging that, by denying his grievance, Defendants have failed to protect Masiel in violation of his Eighth Amendment rights. (Compl. ¶ II.D.)

## II.  LEGAL STANDARD

### A.  Pre-Answer Screening Under 28 U.S.C. § 1915A and § 1915(e)(2)

Sections 1915A and 1915(e)(2) require this Court to review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d

903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish [Section] 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the

deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### III. ANALYSIS

Masiel seeks to press an Eighth Amendment claim based on a failure-to-protect theory against Defendants RJD and Rojas. Because RJD is not a proper Defendant to a Section 1983 action, and because his Eighth Amendment claim against Rojas is missing essential elements, this Court dismisses without prejudice Masiel's Complaint pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B).

#### A. Eighth Amendment

"[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing *Farmer*, 511 U.S. at 833); *see also United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) ("California's . . . prisoners may be murderers, rapists, drug dealers, and child molesters, but California is responsible for protecting even those sorts of people from murder by other prisoners."). To state a plausible Eighth Amendment claim for relief, however, a plaintiff must allege facts sufficient to show that defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)), *overruled on other grounds by Castro*, 833 F.3d at 1076. Under the deliberate-indifference standard, "the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057.

"That the Eighth Amendment protects against *future* harm to inmates is not a novel proposition." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). Thus, if a prisoner faces a

substantial risk of serious harm, he need not wait until he actually suffers an attack before asserting a deliberate-indifference or threat-to-safety claim. *See id.*

### B. Defendant Richard J. Donovan Correctional Facility

Masiel fails to state a claim upon which Section 1983 relief can be granted with respect to RJD. RJD is a state prison managed by CDCR, not a "person[]" subject to suit under Section 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); *Rojo v. R.J. Donovan State Prison*, No. 13CV2237 LAB BGS, 2014 WL 1653102, at *2 (S.D. Cal. Apr. 23, 2014) (sua sponte dismissing prisoner's § 1983 complaint against R.J. Donovan State Prison pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2)).[3]

Thus, RJD is dismissed from this action for Masiel's failure to state a claim against it.

### C. Defendant C. Rojas

Masiel has also failed to state a cognizable Eighth Amendment violation against Rojas. It is well-established "[p]risoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez*, 334 F.3d at 860 (citation omitted); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process"). And while a prison official "who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the [official] knew about an existing or impending violation and failed to prevent it," *Ellis v. Foulk*, No. 2:14-cv-00802 AC P, 2015 WL 4662766, at *5 (E.D. Cal. Aug. 5, 2015), "[a]n allegation that a prison official inappropriately denied or

---

[3] Masiel is warned that if, by naming RJD as a Defendant, he really seeks to sue either the CDCR or the State of California itself, his claims not only fall outside the panoply of Section 1983, but they also are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

failed to adequately respond to a grievance, without more, does not state a claim under § 1983," *Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

Here, Masiel's grievance and appeal explained his safety concerns, identified his enemies, and asked for an override of his classification score so that he could remain in Level III prison where there purportedly is less gang activity. (*See generally* Grievance; Grievance Appeal.) His appeal also included an allegation that his correctional counselor had told him he was going to transfer him to a Level IV prison, where Masiel alleges his life would be endangered. (Grievance Appeal.)

While these allegations may suggest Masiel's Correctional Counselor Lopez was aware that Masiel was at a substantial risk of serious harm, actually drew that inference, and failed to protect Masiel from that risk, *see Toguchi*, 391 F.3d at 1057, they do not plausibly allege Rojas did. Although Rojas denied Masiel's appeal, he did so by acknowledging that Masiel's concerns were properly "redirected to a staff member designated by the Housing Authority to address the issue." (Appeal Declination at 1–2.) Thus, Masiel's allegations suggest Rojas did not simply deny Masiel's appeal and, thereby, ignore Masiel's safety concerns, but instead confirmed that they already were being addressed through the proper channels. (*Id*.) Without more, and as currently pleaded, the Court finds Masiel merely alleges Rojas "inappropriately denied or failed to adequately respond to [his] grievance," which is insufficient to plausibly state a failure-to-protect claim under § 1983. *See Evans*, 637 F. App'x at 288; *Iqbal*, 556 U.S. at 678.

Accordingly, Masiel fails to state a claim under Section 1983 against Rojas, too.

## IV. CONCLUSION

For all the reasons discussed, the Court hereby:

(1) **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

(2) **GRANTS** Plaintiff 45 days leave from the date of this Order to file an Amended Complaint that cures all the deficiencies of pleading noted. Plaintiff's Amended

Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").[4]

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: March 30, 2023**

Hon. Cynthia Bashant
United States District Judge

---

[4] Should Masiel timely file an Amended Complaint, that pleading will also be subject to a pre-answer screening pursuant to 28 U.S.C. § 1915A. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The Court will toll Rule 4(m)'s service clock while it conducts that screening. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's *in forma pauperis* complaint and authorizes service of process" (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010))). Should Masiel's Amended Complaint survive screening under 28 U.S.C. § 1915A and § 1915(e)(2), the Court will then direct the Clerk of the Court to issue a summons pursuant to Fed. R. Civ. P. 4(b). Because Masiel is not proceeding IFP, however, he is not automatically entitled to U.S. Marshal service pursuant to 28 U.S.C. § 1915(d), and will remain "responsible for having the summons and [his amended] complaint served" within 90 days. *See* Fed. R. Civ. P. 4(c)(1), (m).